Daniel B. Beck, SBN 6port3865
Evan Livingstone, SBN 252008
Beck Law P.C.
2681 Cleveland Avenue
Santa Rosa CA 95403
Phone: 707-576-7175
Fax: 707-576-18782681

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 10-12761 |
| Carl F Burleson and Gabriela Burleson<br>Debtor(s) | Chapter 13 |

MOTION TO VALUE LIEN AT $0 AND AVOID LIEN UPON DISCHARGE;

DECLARATION OF DEBTOR

TO SECURED JUNIOR LIENHOLDER CITIBANK, N.A., CHAPTER 13 TRUSTEE, AND ALL PARTIES IN INTEREST, AND TO THEIR ATTORNEYS OF RECORD

Relief Requested

Debtor hereby moves pursuant to FRBP Rule 3012 and 11 U.S.C. §§506, 1322 (b)(2) and 1327 for an order valuing the secured claim ("Junior Lien") of Citibank, N.A. ("Junior Lienholder"), it successors and/or assigns, at zero dollars ($0), and for an order that the Junior Lien may not be enforced, and shall be voided for all purposes,and that the Deed of Trust securing the Lien shall be transferred back to the Debtor, upon application by Debtor, when the Debtor completes her Chapter 13 plan payments and receives her discharge from the Court.

The Motion

1. Debtors filed this Chapter 13 case on 07/22/2010. David Burchard is the duly appointed and acting Trustee to the bankruptcy estate.

2. This motion is filed pursuant to 11 U.S.C. §1322 to avoid and cancel a lien held by Junior Lienholder upon real property used as debtor's residence. This piece of real estate is the single-family dwelling described as 1639 Buckeye Rd, Willits CA 95490, APN: 100-225-0301 in the County of ("Real Property").

3. Debtor estimates the value of the Real Property to be $204,000.

4. On or about 12/28/04, Wells Fargo Hm Mortgage ("Senior Lienholder") extended credit to Debtor and Debtor granted a security interest to Senior Lienholder in the Real Property that was properly perfected with the recording of the first deed of trust, instrument no 001034200. . Debtors are informed and believe that on the day the petition was filed the obligation to Senior Lienholder had a principal balance of $250,317.

5. On or about 8/7/2006, Junior Lienholder extended credit to Debtors and Debtors granted a security interest to Junior Lienholder in the Real Property that was properly perfected on 8/16/2006 with the recording of the junior deed of trust as instrument no. 2006-16212. Debtors are informed and believe that on the day the petition was filed the obligation to Junior Lienholder had a principal balance of 110,738.17. The loan number for this obligation is 500548-9222011521.

6. The Real Property is worth less than what is currently owed to the on Senior Lienholder's first Deed of Trust. Junior Lienholder's second Deed of Trust is entirely unsecured and there is no equity to support said lien.

7. The claim of Junior Lienholder predicated on such second Deed of Trust is wholly unsecured liens against the Real Property and accordingly is not protected by the anti-modification clause of Bankruptcy Code §1322. Junior Lienholder's junior lien claims should

therefore be valued pursuant to 11 U.S.C. §506 and Bankruptcy Rule 3012 at zero dollars ($0) and, after such valuation, voided, canceled, extinguished and formally stripped off of debtors' Real Property so that it no longer remains a recorded lien or encumbrance on the Real Property. The claim of Junior Lienholder on its second Deed of Trust should be paid only as a general unsecured claim Chapter 13 Plan and should not be paid as a secured claim for any amount whatsoever. *In re Zimmer* (9th Cir. 2002) 313 F2d 1220, 1222-1225.

8. The 9th Circuit rule In re Zimmer allowing such wholly unsecured junior lien claim to be stripped off the Real Property through a Chapter 13 Plan is in harmony with all of the other Circuit decisions which have considered the issue. See *In re Lane* (6th Cir. 2002) 280 F3d 663, 667-669; *In re McDonald* (3rd Cir. 2000) 205 F3d 606, 615; *In re Tanner* (11th Cir. 2000) 217 F3d 1357; *In re Mann* (BAP 1st Cir. 2000) 249 BR 831; *In re Bartee* (5th Cir. 2000) 212 F3d 277.

9. Bankruptcy Rule 3012 provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and accordingly the within motion to determine and value Junior Lienholder's secured claim at zero ($0) dollars in debtors' Chapter 13 reorganization plan is proper.

WHEREFORE, Debtors pray that the Court determine the Junior Lienholder's Junior Lien should be valued at zero dollars ($0), that Junior Lienholder may take no action to enforce these liens, and for an order avoiding the liens and requiring Junior Lienholder to re-convey the Junior Lien (Deed of Trust) when debtors complete their Chapter 13 Plan and receive a discharge.

Date: October 13, 2010 ` /s/Dan Beck
Dan Beck
Attorney for Debtor

DECLARATION OF DEBTOR

I Carl F Burleson and Gabriela Burleson, the debtor in the above matter, have personal knowledge of the above facts, and I declare them to be true under penalty of perjury.

Executed: October 13, 2010

/s/Carl F Burleson and Gabriela Burleson
Carl F Burleson and Gabriela Burleson