**Entered on Docket
February 07, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1 | Daniel B. Beck, SBN 63865
Evan Livingstone, SBN 252008
2 | Beck Law P.C.
2681 Cleveland Avenue
3 | Santa Rosa CA 95403
Phone: 707-576-7175
4 | Fax: 707-576-1878

**Signed: February 07, 2011**

_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge

5 | Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                                     Case No.    10-12761

Carl F Burleson and Gabriela Burleson        Chapter    13
       Debtor(s)
_____/

ORDER GRANTING MOTION TO VALUE LIEN AS $0 AND

AVOID LIEN UPON DISCHARGE OF DEBTOR

    On 10/13/2010 Debtor filed a motion to value the lien of Citibank, N.A. (hereinafter Lienholder) against the property commonly known as 1639 Buckeye Rd, Willits CA 95490, Mendocino County AP #100-225-0301, which lien was recorded in the Mendocino County Recorder's Office on or about 8/16/2006 as document 2006-16212 (hereinafter the Lien).

    The court finds that notice of the motion upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtor's motion, the court hereby orders as follows.

    (1) For purposes of Debtor's chapter 13 plan only, the Lien of Citibank, N.A. is valued at zero dollars ($0), does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.

    (2) This order shall become part of Debtor's confirmed chapter 13 plan.

10-12761 - Order Granting Motion to Value Lien at $0 and Avoid Lien Upon Discharge – Page 1
Case: 10-12761    Doc# 23    Filed: 02/07/11    Entered: 02/07/11 10:52:07    Page 1 of 2

(3) Upon entry of a discharge in Debtor's chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtor's chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

\*\* END OF ORDER \*\*

10-12761 - Order Granting Motion to Value Lien at $0 and Avoid Lien Upon Discharge – Page 2
Case: 10-12761   Doc# 23   Filed: 02/07/11   Entered: 02/07/11 10:52:07   Page 2 of 2